PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JAMES DIMORA, ) | |
| ) | CASE NO. 4:14CV1221 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| NORTHEAST OHIO CORRECTIONAL ) | |
| CENTER, *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 8] |

A Telephonic Case Management Conference ("CMC") was conducted on September 15, 2014.

**I.**

On April 25, 2014, Plaintiff James Dimora filed the above-entitled action alleging tort claims in the Mahoning County, Ohio Court of Common Pleas (Case No. 2014 CV 01042) against multiple defendants, including the United States Bureau of Prisons ("BOP"). On June 6, 2014, the BOP removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). *See* ECF No. 1. The presence of the United States in this action conferred upon the Court subject matter jurisdiction to hear this case.

This action is now before the Court upon the BOP's Motion to Dismiss (ECF No. 8). Plaintiff filed a Response, which states that he has no opposition to the dismissal of the BOP as a party defendant. ECF No. 14 at PageID #: 120.

(5:14CV0773)

Accordingly, the BOP's Motion to Dismiss (ECF No. 8) is granted. The Court dismisses this case as to Defendant United States Bureau of Prisons only.

## II.

Defendants Northeast Ohio Correctional Center ("NEOCC")[1] and Corrections Corporation of America ("CCA") joined in Section II, Subsection B of the BOP's motion wherein the BOP argued that the Amended Complaint (ECF No. 1-1) must be dismissed for lack of subject matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies. *See* ECF No. 9 and Non-Document Order dated July 29, 2014. The claim that a prisoner failed to exhaust administrative remedies is an affirmative defense under the Prison Litigation Reform Act ("PLRA"). *Jones v. Bock*, 549 U.S. 199, 216 (2007). A review of NEOCC and CCA's Answer (ECF No. 6) reveals that they did not plead failure to exhaust administrative remedies as an affirmative defense. However, NEOCC and CCA may subsequently be able to file their own motion arguing that Plaintiff failed to exhaust administrative remedies before commencing this lawsuit. *See Hill v. Rubowsky*, No. 4:12CV0229, 2014 WL 797589 (N.D. Ohio Feb. 27, 2014) (granting summary judgment when Plaintiff failed to exhaust his administrative remedies).

## III.

The Amended Complaint (ECF No. 1-1) does not plausibly raise a federal claim for purposes of federal question jurisdiction. It is not readily apparent, however, that Plaintiff is

---

[1] Counsel for NEOCC and CCA stated during the Telephonic CMC that NEOCC is a non-jural entity that does not have a separate legal existence. *See Ansel Adams Publishing Rights Trust v. PRS Media Partners, LLC*, 502 Fed.Appx. 659, 660 (9th Cir. 2012) (affirming district court's conclusion that as a non-jural entity under Arizona law, The University of Arizona cannot be sued in its own name).

(5:14CV0773)

diverse from NEOCC and CCA, so as allow these remaining Defendants to invoke diversity jurisdiction.

Accordingly, on or before September 19, 2014, NEOCC and CCA shall file and serve a Jurisdictional Statement identifying the citizenship of all remaining parties to this action. *See Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973) (the domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment; but that presumption may be rebutted).

On or before September 26, 2014, Plaintiff shall file and serve a Response to the Jurisdictional Statement that also addresses whether NEOCC should be dismissed as a party defendant.

The CMC is continued until a date that will be set at the convenience of the Court.


IT IS SO ORDERED.


 September 15, 2014                     /s/ Benita Y. Pearson
Date                                    Benita Y. Pearson
                                        United States District Judge

3