PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES DIMORA, | ) | |
| | ) | CASE NO. 4:14CV1221 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NORTHEAST OHIO CORRECTIONS | ) | |
| CENTER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

On April 25, 2014, Plaintiff James Dimora, a federal inmate previously housed at the Northeast Ohio Correctional Center ("NEOCC"), filed the above-entitled action alleging state law claims of negligence, premises liability, and emotional distress in the Mahoning County, Ohio Court of Common Pleas (Case No. 2014 CV 01042) against multiple defendants, including the United States Bureau of Prisons ("BOP"). On June 6, 2014, the BOP removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). *See* ECF No. 1. The presence of the United States in this action conferred upon the Court subject matter jurisdiction to hear this case.

On September 15, 2014, the Court dismissed this case as to the BOP only. The Court required that the remaining Defendants NEOCC and Corrections Corporation of America ("CCA") file a Jurisdictional Statement; and that Plaintiff file a Response thereto. *See* Memorandum of Opinion and Order (ECF No. 15). NEOCC and CCA filed a Jurisdictional Statement (ECF No. 16) and Declaration of Sean Daugherty (ECF No. 17-1). Plaintiff filed a Response (ECF No. 18) and Declaration of James C. Dimora (ECF No. 18-1).

(4:14CV1221)

The Amended Complaint (ECF No. 1-1) does not plausibly raise a federal claim for purposes of federal question jurisdiction. *See* ECF No. 18 at PageID #: 137 and 140. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original); 28 U.S.C. § 1332(a). For the reasons that follow, the Court concludes that diversity jurisdiction exists in the instant case because Plaintiff is diverse from CCA, the amount in controversy "more likely than not" exceeds $75,000, and NEOCC is a non-jural entity that is not subject to suit. A Telephonic Case Management Conference ("CMC") is set on April 8, 2015 at 12:00 p.m. EDT.

## I.

The domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment; but that presumption may be rebutted. *Stifel v. Hopkins*, 477 F.2d 1116, 1126 (6th Cir. 1973). CCA asserts that Plaintiff is a citizen of the State of Ohio. ECF No. 17-1 at PageID #: 134, ¶ 8. Plaintiff agrees. *See* ECF No. 18 at PageID #: 138; ECF No. 1-1 at PageID #: 5, ¶ 1. CCA is a Maryland company, with its principal place of business in Nashville, Tennessee. ECF No. 17-1 at PageID #: 134, ¶ 6; ECF No. 16 at PageID #: 126. Therefore, the Court finds Plaintiff is diverse from CCA.

## II.

In its Jurisdictional Statement (ECF No. 16), CCA asserts that "this Court has continuing jurisdiction under its diversity jurisdiction pursuant to 28 U.S.C., Subsection 1332, because . . . the amount in controversy is in excess of $75,000." ECF No. 16 at PageID #: 126. Plaintiff

(4:14CV1221)

argues to the contrary that "[s]ince Plaintiff has not alleged damages in excess of $75,000, the amount in controversy requirement is clearly not met." ECF No. 18 at PageID #: 136.

Plaintiff's Amended Complaint (ECF No. 1-1) requests "[c]ompensatory damages . . . in an amount in excess of $25,000[,]" "[p]unitive damages in an amount in excess of $25,000[,]" and "attorney fees, and any pre-judgment and/or post-judgment interest[.]" ECF No. 1-1 at PageID #: 8. "[W]here plaintiff[ ] seek[s] 'to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000[.]" *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (emphasis in original)). This "preponderance of the evidence" test "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy amount." *Gafford*, 997 F.2d at 159. CCA may carry its burden by showing that a "fair reading" of the unspecified damages in the Amended Complaint (ECF No. 1-1) satisfy the amount in controversy requirement. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 573 (6th Cir. 2001).

The Court must consider punitive damages unless it is apparent to a legal certainty that such damages cannot be recovered. *See Hayes*, 266 F.3d at 572. Plaintiff asserts claims of negligence, premises liability, and emotional distress regarding a slip and fall on May 4, 2012 at NEOCC. Ohio courts have permitted punitive damages in connection with such claims. *See, e.g., Jeffers v. Olexo*, 43 Ohio St.3d 140, 142 (1989) (It is well-settled that in order to establish negligence in a premises liability case, one must show the existence of a duty, a breach of that

(4:14CV1221)

duty, causation, and damages.); *Niskanen v. Giant Eagle, Inc.*, 122 Ohio St.3d 486, 490 (2009) (explaining that punitive damages are available in negligence actions if compensatory damages are awarded); *McGill v. Newark Surgery Ctr.*, 113 Ohio Misc.2d 21, 42 (Licking Cty. Com. Pl. 2001) (negligent infliction of emotional distress is among the classes of tort actions in which punitive damages may be awarded). The Court must therefore consider punitive damages when determining whether the amount-in-controversy requirement has been satisfied.

Although the Ohio Supreme Court "has consistently rejected the notion of a bright-line mathematical formula for assessing the reasonableness of punitive damage awards[,]" *Barnes v. Univ. Hosps. of Cleveland*, 119 Ohio St.3d 173, 181 (2008), Ohio courts use compensatory damages as a measure for the reasonableness of such an award. *Burns v. Prudential Secs., Inc.*, 167 Ohio App.3d 809, 849-50 (2006); *Blust v. Lamar Adver. Co.*, 157 Ohio App.3d 787, 795 (2004). "'[F]ew awards exceeding a single-digit ratio between punitive and compensatory damages" will be appropriate, but larger damages may be appropriate where particularly egregious misconduct resulting in a small compensatory damage award is present. *Blust*, 157 Ohio App.3d at 805 (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). In the case at bar, even a conservative ratio of 1.5 to 1, or 2 to 1, applied to an estimate of compensatory damages of at least $25,001, yields a punitive damages award of $37,501.50 or $50,002. Combining the possible value of compensatory and punitive damages, the total possible damages recoverable in this case could amount to $62,502.50 ($25,001 + 37,501.50) or $75,003 ($25,001 + 50,002).

Attorney's fees may also be awarded as an element of compensatory damages where punitive damages are appropriate. *See, e.g.*, *Zappitelli v. Miller*, 114 Ohio St.3d 102, 103 (2007);

(4:14CV1221)

*Columbus Finance v. Howard*, 42 Ohio St.2d 178, 183 (1975). Therefore, the Court cannot rule out, as a matter of law, the possibility of attorney's fees in the instant case.

Finally, prejudgment interest may be awarded in the case at bar. *Pritt v. Edward J. DeBartolo Corp.*, Nos. 72730 and 73872, 1998 WL 702485, at *7-8 (Ohio App. 8th Dist. Oct. 8, 1998) (affirming trial court's award of prejudgment interest in action for injuries sustained in a slip and fall). Accordingly, the amount of possible attorney's fees and prejudgment interest at issue in this case, combined with compensatory and punitive damages, ranging from just over $62,500 to just over $75,000, compel the conclusion that it is more likely than not that the amount in controversy exceeds the jurisdictional requirement.

### III.

NEOCC is a non-jural entity that does not have a separate legal existence. Therefore, the Court need not consider the citizenship of NEOCC in determining whether diversity jurisdiction exists. NEOCC is the name of the prison facility located in Youngstown, Ohio that is owned and operated by CCA. ECF No. 17-1 at PageID #: 133, ¶¶ 1, 3, and 4. It "does not have a separate legal existence, and it cannot sue nor be sued as a separate legal entity." ECF No. 17-1 at PageID #: 134, ¶ 5.[1] While Plaintiff is correct that NEOCC was sued by *Pro Se* Plaintiffs in *Shan Wei Yu v. N.E.O.C.C.*, No. 4:12CV0507 (N.D. Ohio filed March 1, 2012) (Pearson, J.) and *Soto v. Northeast Ohio Correctional Center, et al.*, No. 4:14CV0297 (N.D. Ohio filed Feb. 12, 2014)

---

[1] Business name searches on the Ohio Secretary of State's website (http://www.sos.state.oh.us/SOS/) for "Northeast Ohio Correctional Center" and "NEOCC" returned no results.

(4:14CV1221)

(Pearson, J.).[2] (ECF No. 18 at PageID #: 139), a check of the Court's case management and electronic case filing ("CM/ECF") system reveals that NEOCC has not brought suit as a separate legal entity in the United States District Court for the Northern District of Ohio.

Accordingly, the Court dismisses this case as to Defendant Northeast Ohio Correctional Center only.

## IV.

All counsel and parties will take notice that the above-entitled action has been set for a Telephonic CMC on April 8, 2015 at 12:00 p.m. EDT before Judge Benita Y. Pearson, Chambers 313, Federal Building–United States Courthouse, 125 Market Street, Youngstown, Ohio. Counsel for CCA shall set up the conference call and contact Chambers directly at 330-884-7435, promptly at 12:00 p.m. EDT, with all participants on the line.

Inmate James C. Dimora (#56275-060) is a party to this action. Therefore, the Warden of FCI Victorville Medium II shall make said inmate available via telephone for the scheduled conference.

Upon receipt of this order, the Warden of FCI Victorville Medium II or his designee shall contact Timothy J. Bojanowski (480-420-1600), counsel for CCA, and provide him with a telephone number at which Inmate James C. Dimora can be reached on April 8, 2015 at 12:00 p.m. EDT to participate in the conference via telephone.

---

[2] The claims in both *Shan Wei Yu* and *Soto* were dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e), without service of process on NEOCC. See *Shan Wei Yu v. NEOCC*, No. 4:12CV0507, 2012 WL 6705857 (N.D. Ohio Dec. 26, 2012) and *Soto v. Northeast Ohio Correctional Center*, No. 4:14CV0297, 2014 WL 4327919 (N.D. Ohio Aug. 29, 2014).

(4:14CV1221)

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by regular mail to the Warden of FCI Victorville Medium II, Federal Correctional Institution, P.O. Box 5400, Adelanto, CA 92301.

    IT IS SO ORDERED.

| | |
|---|---|
| March 11, 2015 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |